

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-19-2009

# D R Ward Constr Co v. Mitsubishi Rayon Ame

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3358

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"D R Ward Constr Co v. Mitsubishi Rayon Ame" (2009). *2009 Decisions.* Paper 1850.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1850

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-90                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-3358

In Re: PLASTICS ADDITIVES ANTITRUST LITIGATION

OWEN F. SILVIOUS,
                                                        Appellant

(Pursuant to Fed. R. App. P. 12(a))

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 05-04157)
District Judge:  Honorable Legrome D. Davis

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
February 5, 2009

Before: BARRY, AMBRO and SMITH, Circuit Judges

(Opinion filed: February 19, 2009)

OPINION

PER CURIAM

Owen Silvious, a prisoner proceeding pro se, seeks to appeal the decisions of the

District Court certifying a settlement class, approving a class settlement, and awarding

1

attorneys' fees and expenses to plaintiff's counsel.  Because the appeal is legally

frivolous, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

The underlying class action involves complaints by indirect purchasers of "plastic

additives" of price fixing.  In September 2007, following six months of settlement

negotiations, the Plaintiffs moved for preliminary approval of a proposed settlement

agreement.  The District Court approved and ordered the dissemination of notice, which

was accomplished by publication in a national newspaper.  Any objections to the terms of

the settlement by unnamed class members were to be delivered in writing.  Only Silvious

filed an objection, arguing that the District Court lacked subject matter jurisdiction to

approve a settlement class encompassing states not named in the complaint.  He later filed

an amended objection.

Appellees argue that Silvious lacks standing to appeal because he did not object –

or more precisely, withdrew his objection – prior to class certification and approval of the

settlement.  For an unnamed class member to have standing to appeal a decision in a class

action, he or she must have properly raised objections to that decision during the

pendency of the litigation.  See Devlin v. Scardelletti, 536 U.S. 1, 8-9 (2002); In re Rite

Aid Corp. Sec. Litig., 396 F.3d 294, 299 (3d Cir. 2005); Fanning v. Acromed Corp. (In re

---

[1] A federal court must dismiss the complaint or appeal of a plaintiff proceeding *in forma pauperis* if the action is "frivolous."  28 U.S.C. § 1915(e)(2).  The United States Supreme Court clarified this standard in Neitzke v. Williams, 490 U.S. 319 (1989), stating that a complaint is frivolous "where it lacks an arguable basis either in law or fact."  490 U.S. at 325.

2

Orthopedic Bone Screw Prods. Liab. Litig.), 350 F.3d 360, 363 n.3 (3d Cir. 2003). Here, the District Court viewed Silvious' amended objection as an attempted withdrawal of his initial objection, and approved of his withdrawal as required by Federal Rule of Civil Procedure 23(e)(5).[2] We do not agree that Silvious lacks standing, because it is not clear that he withdrew his objection. Rather, his amended objection appears to have been an attempt to clarify his opposition to a broad settlement that includes residents of states not represented by the named parties. As such, Silvious has standing to file the instant appeal.

Nevertheless, we agree with the District Court that Silvious' objection, which forms the basis for his appeal, lacks legal merit. Silvious contends that the District Court could not certify a settlement class and approve a settlement agreement that includes unnamed class members in states not represented by the named class members. That is, the named class members lack standing to represent unnamed class members in other states. However, a settlement class may be defined more broadly than a class certified for litigation purposes. See Amchem Products, Inc. v. Windsor, 521 U.S. 591, 620 (1997); Carnegie v. Household Int'l., Inc., 376 F.3d 656, 660 (7th Cir. 2004). There is no requirement, in the context of a class settlement, that named class members hail from the

_____

[2]Appellees offer no support for the contention that Silvious was required to seek reconsideration of the District Court order treating his objection as withdrawn prior to filing an appeal. Indeed, doing so would have been futile, as the District Court issued its order as to his objection on the same day as it approved the final settlement.

same states as absentee class members.  Rather, Article III standing is determined vis-a-vis the named parties.  See In re Prudential Ins. Co. America Sales Practice Litigation Agent Actions, 148 F.3d 283, 306 (3d Cir. 1998).  "Once threshold individual standing by the class representative is met, . . . there remains no further separate class standing requirement in the constitutional sense."  Id. at 306-07 (internal citations omitted).  As such, Silvious' claim lacks any basis in law or fact and is therefore frivolous.

Accordingly, Silvious' appeal is dismissed.  Appellees' motion to reconsider the order granting Silvious' motion to proceed in forma pauperis is denied.